**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PROTECT DEMOCRACY PROJECT, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| | ) |
| v. | )    Case No. 25-cv-4101-TJK |
| | ) |
| U.S. DEPARTMENT OF THE TREASURY, *et al.* | ) |
| | ) |
| *Defendants*. | ) |
| | ) |

## <u>OPPOSITION TO MOTION FOR EXTENSION OF TIME TO RESPOND</u>

Defendants ask this Court to grant them 66 days to respond to a Freedom of Information Act ("FOIA") suit seeking records regarding government efforts to target nonprofit and other civil society organizations. Because Congress intended FOIA's judicial review mechanism to proceed promptly and "stale information is of little value," *Payne Enters. Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988), Defendants' Motion for Extension of Time to Respond ("Motion"), ECF No. 7, should be denied.

Plaintiff Protect Democracy Project filed this FOIA suit on November 24, 2025, and effected service on the U.S. Attorney's Office ("USAO") the next day.[1] *See* Proof of Service, ECF No. 5. Not long before the December 26 answer deadline, counsel for Defendants—late on Saturday, December 20—asked Plaintiff for an extension until the end of January to respond to the Complaint. That Monday morning, Plaintiff responded and agreed to a reasonable extension—January 9, 2026, a 15-day extension. But Plaintiff did not agree to Defendants' full

---

[1] Defendants' motion erroneously states that Plaintiff filed suit on November 25, 2025. Mot. at 1, ECF No. 7 (Dec. 29, 2025). In fact, the Complaint was filed the day before.

requested extension, which would more than double the time to respond to an ordinary FOIA complaint.

Defendants did not communicate further, nor file anything by the December 26 answer deadline. Instead, they filed the instant Motion the following week, asking for thirty extra days to respond. *See* Mot., ECF No. 7 (Dec. 29, 2025). The next day, the Court extended Defendants' answer deadline to January 9 and ordered Plaintiff to file any opposition to the Motion by January 5. *See* Min. Order (Dec. 30, 2025).

## ARGUMENT

FOIA requires that, absent good cause, the government serve an answer within 30 days, half the 60 days permitted to respond to most complaints. 5 U.S.C. § 552(a)(4)(C); *see* Fed. R. Civ. P. 12(a)(2). Defendants fail to demonstrate good cause to support more than doubling their statutory time to respond to the Complaint. Defendants' argument boils down to two points: that the high volume of litigation against the government prevents them from responding within 45 days after service of the Complaint (the statutory deadline plus the agreed-upon extension); and the recent government shutdown, which ended on November 12, 2025.

*First*, no good cause exists where the delay is of the government's own making. Defendants note that a high volume of filings resulted in "delaying certain case assignments to Assistant U.S. Attorneys and initial coordination efforts with agency clients, including in this case." Mot. at 1. But Plaintiff's rights under FOIA should not be prejudiced because the government does not assign cases to its attorneys in an efficient and timely manner. Plaintiff served the USAO on November 25 and Defendants acknowledged that date as the date of service. *See* Decl. of Service ¶ 7, ECF No. 5 (Dec. 11, 2025). Defendants' counsel did not reach out to seek an extension of their response deadline until late in the evening on Saturday,

December 20, six days before Defendants' response deadline. And the two-week extension to which Plaintiff agreed should be adequate time for Defendants' counsel to "discuss [the] matter with the relevant agency, explore whether [the] case may be resolved without litigation, and if not, formulate Defendants' response to [the] Complaint." *Id.* at 2.

*Second*, Defendants point to the government shutdown, which ended on November 12, 2025, that created a backlog for attorneys within the Civil Division. While Plaintiff is sympathetic to the high volume of cases that Defendants' counsel manages, Chief Judge Boasberg's Order struck a fair balance between extending deadlines that occurred during and more than two weeks after the shutdown and returning to normal business thereafter. *See* Standing Order 25–59 ¶ 1. The government should not be allowed to disregard that fair balance and further delay its obligations under FOIA almost two months after the shutdown has ended.

*Third,* while the records sought by the FOIA *requests* involve critical national issues of public interest, the government has not suggested any legal or factual issues that would make formulating an answer to the *Complaint* anything but routine.

*Finally*, in enacting the statute, Congress set clear timelines for agencies to provide prompt responses to records requests and provided a mechanism for swift judicial review when agencies fail to comply with these timelines. *See* 5 U.S.C. §§ 552(a)(6)(A)(i), (B)(i), (C)(i). Defendants contend that they "do not believe that the enlargement materially prejudices Plaintiff." Mot. at 3. But Plaintiff's FOIA rights have *already* been prejudiced: Plaintiff sent the requests at issue in October, and, prior to litigation, received no substantive response to any of them. Now, Defendants seek to delay responding to Plaintiff's Complaint, Mot. at 3, which will further delay Plaintiff's receipt of final determinations on its requests and non-exempt,

responsive records—records that are urgently needed to inform the public about important federal government activity.

Accordingly, Plaintiff respectfully requests that the Court deny Defendants' motion and order Defendants to respond to the Complaint by January 9, 2026.

Dated: January 5, 2026                    Respectfully submitted,

*/s/ David Kronig*
David Kronig
D.C. Bar. No. 1030649
Daniel Martinez
D.C. Bar No. 90025922
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-3915
david.kronig@americanoversight.org

*Counsel for Plaintiff*