UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT DEMOCRACY PROJECT,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF TREASURY, et al.<br><br>Defendants. | Civil Action No. 25-cv-4101 (TJK) |

**DEFENDANTS' ANSWER**

The Department of Homeland Security ("DHS"), Department of the Treasury, including its bureau the Financial Crimes Enforcement Network ("FinCEN") (collectively "Treasury"), and Department of State ("State Department") (collectively "Defendants"), by and through their undersigned counsel, respectfully submit this Answer to the Complaint ("Complaint") (ECF No. 1) filed in this case by Plaintiff Protect Democracy Project ("Plaintiff") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, the Court may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants respond to the Complaint in like numbered paragraphs as follows:

1-19. Defendants admit only that President Trump issued an Executive Order designating Antifa as a domestic terrorist organization on September 22, 2025,[1] that President Trump issued National Security Presidential Memorandum 7 ("NSPM-7") on September 25, 2025,[2] that a public White House roundtable was held on October 8, 2025, a video recording of the roundtable remains publicly available,[3] Defendants refer the Court to the referenced Executive Order, NSPM-7 and the recording of the referenced public event for a complete and accurate statement of their contents and deny any allegations characterizing those documents or recording inconsistent therewith. The remaining allegations in these paragraphs do not set forth claims of relief or aver facts in support of a claim under FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

20. Defendants admit that Plaintiff sent FOIA requests dated October 22, 2025 to the Department of Treasury, the State Department, DHS and FinCEN and that those requests are attached as exhibits to the Complaint. Defendants refer the Court to those requests for a complete and accurate statement of their contents and deny any allegations inconsistent with the content of those requests.

21. Deny.

22. The allegations in this paragraph consist of Plaintiff's characterization of its motivation for bringing this action and conclusions of law, to which no response is required.

---

[1] Executive Office of the President, *Designating Antifa as a Domestic Terrorist Threat*, 90 Fed. Reg. 46317 (Sept. 22, 2025).

[2] Executive Office of the President, *National Security Presidential Memorandum 7: Countering Domestic Terrorism and Political Violence*, 90 Fed. Reg. 47225 (Sept. 25, 2025).

[3] The White House, *Videos: President Trump Participates in a Roundtable on ANTIFA* (Oct. 8, 2025), available at https://www.whitehouse.gov/videos/president-trump-participates-in-a-roundtable-on-antifa/ (last visited Jan. 30, 2026).

## JURISDICTION AND VENUE[4]

23. This paragraph consists of legal conclusions regarding jurisdiction, to which no response is required. To the extent that a response is deemed required, Defendants only admit that this Court has jurisdiction subject to the terms and limitations of FOIA.

24. This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper in this judicial district for claims brought under FOIA.

25. This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

## PARTIES

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27 Defendants admit that the Department of Treasury is an agency of the United States government subject to FOIA. The remaining allegations in this paragraph assert conclusions of law to which no response is required.

28. Defendants admit that the State Department is an agency of the United States government subject to FOIA. The remaining allegations assert conclusions of law to which no response is required.

29. Defendants admit that DHS is an agency of the United States government subject to FOIA. The remaining allegations assert conclusions of law to which no response is required.

---

[4] For ease of reference, Defendants replicate the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

30. Defendants admit FinCEN is headquartered in Vienna, Viriginia and is a component of the Department of Treasury, an agency of the United States government subject to FOIA. The remaining allegations assert conclusions of law to which no response is required.

## STATEMENT OF FACTS

*Protect Democracy's FOIA Requests*

31. Defendants admit that FOIA requests dated October 22, 2025, were sent to each Defendant, including separate requests to the Department of Treasury and its bureau FinCEN. Defendants refer the Court to the requests for a complete and accurate statement of their contents and deny all allegations inconsistent therewith.

32. Admit.

33. Defendants refer the Court to the requests for a complete and accurate statement of their contents and deny all allegations inconsistent therewith.

### Treasury Request

34. Admit.

35. Deny; the acknowledgement was sent on October 23, 2025.

36. Admit.

### State Request

37. Admit.

38. Defendant State Department admits that as of the date of the filing of Plaintiff's Complaint, it had not acknowledged receipt of Plaintiff's FOIA request. On November 24, 2025, Defendant State Department acknowledged receipt of Plaintiff's FOIA request and assigned it case number F-2026-04613.

DHS Request

39.     Defendant DHS admits that a copy of the request to DHS, dated October 22, 2025, is attached as Exhibit D to the Complaint.

40.     Defendant DHS admits that as of the date of the filing of Plaintiff's Complaint, it had not acknowledged receipt of Plaintiff's FOIA request.

Financial Crimes Enforcement Network (FinCEN) Request

41.     Admit.

42.     Defendant FinCEN refers the Court to the October 22, 2025 response attached to the Complaint for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph with respect to the date of Plaintiff's receipt of the October 22, 2025 response.

43.     Admit.

*Request for Expedited Processing*

44.     Admit only that Plaintiff requested expedited processing in each of the requests. The remainder of this paragraph are conclusions of law to which no response is required.

45.     This paragraph consists of conclusions of law and Plaintiff's characterization of the alleged public interest as part of a legal argument made in connection with their request for expedited processing to which no response is required.

46.     This paragraph consists of conclusions of law to which no response is required.

47.     Admit only that more than ten days have passed since Plaintiff submitted its FOIA requests. The remainder of this paragraph consists of conclusions of law to which no response is required.

*Exhaustion of Administrative Remedies*

48. Defendants admit that they did not respond to Plaintiff's request to expedite processing within ten days of the date of the requests. The remainder of this paragraph consists of conclusions of law to which no response is required.

49. Defendants admit that, as of the date of the Complaint, they had not issued a final determination with respect to the requests or produced records in response to the request. Defendants deny any implication in this paragraph that Defendants failure to do so constitutes a violation of FOIA

50. Defendants admit that more than twenty working days have passed from the date of the requests to the filing date of this action.

51. This paragraph consists of conclusions of law to which no response is required.

## COUNT I

52. Defendants reallege and incorporate by reference all the preceding paragraphs of this Answer as if fully stated herein.

53. This paragraph consists of conclusions of law to which no response is required.

54. This paragraph consists of conclusions of law to which no response is required.

55. This paragraph consists of conclusions of law to which no response is required.

56. This paragraph consists of conclusions of law to which no response is required.

57. This paragraph consists of conclusions of law to which no response is required.

## COUNT II

58. Defendants reallege and incorporate by reference all the preceding paragraphs of this Answer as if fully stated herein.

59. This paragraph consists of conclusions of law to which no response is required.

60. This paragraph consists of conclusions of law to which no response is required.

61. This paragraph consists of conclusions of law to which no response is required.

62. This paragraph consists of conclusions of law to which no response is required.

63. This paragraph consists of conclusions of law to which no response is required.

64. This paragraph consists of conclusions of law to which no response is required.

## COUNT III

65. Defendants reallege and incorporate by reference all the preceding paragraphs of this Answer as if fully stated herein.

66. This paragraph consists of conclusions of law to which no response is required.

67. This paragraph consists of conclusions of law to which no response is required.

68. This paragraph consists of conclusions of law to which no response is required.

69. This paragraph consists of conclusions of law to which no response is required.

70. This paragraph consists of conclusions of law to which no response is required.

## REQUESTED RELIEF

The remainder of the Complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants assert a general denial as to those allegations that are contained in the Complaint that are not specifically admitted herein.

## DEFENSES

Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants

through the course of this litigation.  Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

## SECOND DEFENSE

The FOIA requests fail to reasonably describe the records sought or would be unduly burdensome to process and, accordingly, the requests cannot support a claim for which relief can be granted under FOIA nor can they satisfy the administrative exhaustion requirements of FOIA.

## THIRD DEFENSE

The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by the FOIA.

## FOURTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA requests at issue, including in paragraphs 1-19, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).

## FIFTH DEFENSE

Plaintiff has failed to exhaust administrative remedies.

## SIXTH DEFENSE

Plaintiff is neither eligible nor entitled to attorneys' fees or costs.

Dated: January 30, 2026
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:     */s/ Kenneth Adebonojo*
    KENNETH ADEBONOJO
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202)252-2562

*Attorneys for the United States of America*

- 9 -