# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PROTECT DEMOCRACY PROJECT,<br>2020 Pennsylvania Ave., NW, Ste. 163<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF THE TREASURY,<br>1500 Pennsylvania Avenue NW<br>Washington, DC 20220<br><br>U.S. DEPARTMENT OF STATE,<br>2201 C Street NW<br>Washington, DC 20520<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY,<br>245 Murray Lane SW<br>Washington, DC 20528<br>FINANCIAL CRIMES ENFORCEMENT<br>NETWORK,<br>2070 Chain Bridge Rd.<br>Vienna, VA 22182<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>935 Pennsylvania Avenue NW<br>Washington, DC 20535<br><br>*and*<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>*Defendants.* | Case No. 25-cv-4101-TJK |

## FIRST AMENDED COMPLAINT

1.      The Trump Administration issued sweeping executive actions purportedly to combat "Antifa," but has instead weaponized these orders against civil society organizations, apparently in yet another unprecedented attempt to punish perceived political enemies.

2.      On September 22, 2025, President Trump issued an executive order claiming to designate Antifa as a domestic terrorist threat.[1]

3.      He followed this with a presidential memorandum on September 25, 2025, that blamed a supposed increase in political violence on the "culmination of sophisticated, organized campaigns of targeted intimidation," requiring "[a] new law enforcement strategy that investigates all participants in these criminal and terroristic conspiracies — including the organized structures, networks, entities, organizations, funding sources, and predicate actions behind them."[2]

4.      The memorandum broadly alleged that "[c]ommon threads animating this violent conduct include anti-Americanism, anti-capitalism, and anti-Christianity; support for the overthrow of the United States Government; extremism on migration, race, and gender; and hostility towards those who hold traditional American views on family, religion, and morality."[3]

5.      The memorandum directed the National Joint Terrorism Task Force and its local offices to investigate, *inter alia*, "institutional and individual funders, and officers and employees of organizations, that are responsible for, sponsor, or otherwise aid and abet the principal actors engaging in" the alleged "political violence and intimidation."[4]

---

[1] Executive Order, "Designating Antifa as a Domestic Terrorist Organization," 90 Fed. Reg. 46317 (Sept. 22, 2025), https://www.federalregister.gov/documents/2025/09/25/2025-18709/designating-antifa-as-a-domestic-terrorist-organization.
[2] National Security Presidential Memorandum 7, "Countering Domestic Terrorism and Organized Political Violence," 90 Fed. Reg. 47225 (Sept. 25, 2025), https://www.federalregister.gov/documents/2025/09/30/2025-19141/countering-domestic-terrorism-and-organized-political-violence.
[3] *Id.*
[4] *Id.*

6.      Antifa is not a formal organization.

7.      Antifa does not have a single leader, manifesto, or objective.

8.      "Antifa" is a term that, at its most basic, refers to opposition to fascism.

9.      Today, many who are ideologically opposed to fascist and authoritarian governments consider themselves anti-fascist.

10.      During the first Trump Administration, then-FBI Director Christopher Wray testified to Congress that antifa is not a group but rather an ideology.[5]

11.      The White House hosted a roundtable in October 2025 about Antifa, which was attended by President Trump, Attorney General Pamela Bondi, FBI Director Kash Patel, Treasury Secretary Scott Bessent, Homeland Security Secretary Kristi Noem, and other Trump Administration officials, along with a group of journalists and online commentators.[6]

12.      At the roundtable, Trump, referring to alleged members of Antifa, said that "we're going to be very threatening to them, far more threatening to them than they ever were with us," including "the people that fund them." Patel similarly said that Bessent "is allowing us to map out these networks through their financial criminal activities, which has been going on for decades."[7]

13.      Shortly after these orders issued, Justice Department officials instructed multiple U.S. Attorneys' offices to develop plans to investigate and potentially prosecute the Open Society Foundations, a grant network founded by George Soros, whom Trump has demanded be jailed.[8]

---

[5] Ryan Lucas, *As Trump Talks of Designating Antifa a Foreign Terrorist Group, Experts See Danger*, NPR (Oct. 28, 2025, 5AM), https://www.npr.org/2025/10/28/nx-s1-5587726/trump-antifa-terrorist-group.
[6] Betsy Klein & Donald Judd, *Trump Takes Aim at Antifa – and the Press – in White House Roundtable*, CNN (Oct. 8, 2025), https://www.cnn.com/2025/10/08/politics/antifa-white-house-roundtable.
[7] *Id.*
[8] Devlin Barrett, *Justice Dept. Official Pushes Prosecutors to Investigate George Soros's Foundation*, N.Y. Times (Sept. 25, 2025),

14.    These instructions included a list of specific potential charges, such as arson and material support of terrorism.[9]

15.    More than 3,700 nonprofit, nonpartisan organizations from across the ideological spectrum signed an open letter condemning these orders as an attempt to "unjustly and illegally target[]" organizations by "using unchecked power to silence opposition and voices [the president] disagrees with," and to warn that "[n]o president—Democrat or Republican—should have the power to punish nonprofit organizations simply because he disagrees with them."[10]

16.    The CEO of the influential conservative philanthropic organization DonorsTrust cautioned the Trump Administration not to investigate and target perceived liberal or "leftist" organizations without evidence of wrongdoing because to do so "has the potential to weaponize philanthropy in a way that is antithetical to philanthropic freedom."[11]

17.    Despite these widespread warnings against weaponizing the federal government against opposition voices, the White House has specifically named as targets to be investigated

---

https://www.nytimes.com/2025/09/25/us/politics/justice-trump-george-soros-foundation.html; Rebecca Beitsch, *DOJ Official Pushes US Attorneys to Probe Soros Foundation*, The Hill (Sept. 25, 2025, 4:15 PM), https://thehill.com/homenews/administration/5522284-doj-investigates-soros-foundations/.

[9] *See id.*

[10] An Open Letter Rejecting Presidential Attacks on Nonprofit Organizations, *available at* https://fb1cd5ab-5a51-475c-87d1-10904a61146d.usrfiles.com/ugd/fb1cd5_3e1090cfa2254e6abb9d7c3ad2e09ee9.pdf; *see also* Andrew Stanton, *What Is NSPM-7? Over 3,000 Nonprofits Sound Alarm on New Trump Directive,* NewsWeek (Sept. 30, 2025, 7:33 PM), https://www.newsweek.com/what-is-nspm-7-over-3000-nonprofits-sound-alarm-on-new-trump-directive-10807321; Rachel Leingang, et al., *US Non-profits 'Lock Arms' amid Trump's Menacing of George Soros: 'We Will Not Be Intimidated'*, Guardian (Oct. 17, 2025), https://www.theguardian.com/us-news/2025/oct/17/george-soros-trump-non-profits.

[11] Gabe Kaminsky, *Conservative Philanthropy CEO to Trump: Don't Attack Liberal Nonprofits*, The Free Press (Sept. 29, 2025), https://www.thefp.com/p/conservative-philanthropy-ceo-to.

Soros's Open Societies Foundations, ActBlue, Indivisible, the Coalition for Humane Immigrant Rights, Jewish Voice for Peace, IfNotNow, and others.[12]

18.    On information and belief, the Treasury Department has begun compiling a list of organizations that allegedly support domestic terrorism.[13]

19.    The White House has not provided any public evidence that any named organization has been involved in criminal activity.

20.    On October 22, 2025, Protect Democracy Project ("Protect Democracy") sent Freedom of Information Act ("FOIA") requests to the Department of the Treasury ("Treasury"), Department of Homeland Security ("DHS"), Department of State ("State"), and Financial Crimes Enforcement Network ("FinCEN"), Department of Justice ("DOJ"), and Federal Bureau of Investigation ("FBI") (collectively, "Defendants"), seeking records with the potential to shed light on whether and how these executive actions are being used to target perceived political enemies of the Trump Administration.

21.    In light of the need to inform the public about this critical matter, Plaintiff Protect Democracy now brings this action under FOIA, 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA and the release of records responsive to Protect Democracy's FOIA requests.

---

[12] Nandita Bose et al., *Trump's War On the Left: Inside the Plan to Investigate Liberal Groups*, Reuters (Oct. 9, 2025 4:43PM), https://www.reuters.com/legal/government/trumps-war-left-inside-plan-investigate-liberal-groups-2025-10-09/.

[13] Charlie Kirk Show, *Sec. Bessent Reveals How They Are Going to Crush Left Wing Extremism*, YouTube, at 17:25 (Oct. 14, 2025), https://www.youtube.com/watch?v=4dAQKWGaOnI&t=941s (Bessent stating: "we have started to compile lists, put together networks . . . .").

## JURISDICTION AND VENUE

22.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

23.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

24.     Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, Protect Democracy is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

## PARTIES

25.     Plaintiff Protect Democracy is a nonpartisan, non-profit section 501(c)(3) organization whose mission is to prevent American democracy from declining into a more authoritarian form of government. Protect Democracy engages in public education about threats to democratic norms and institutions and how the American people can best confront them. It advances its mission through research, analysis, technology, and litigation to stand up for free and fair elections, the rule of law, fact-based debate, and a better democracy for future generations. As part of this mission, Plaintiff seeks to inform public understanding of operations and activities of the government by gathering and disseminating information that is likely to contribute significantly to the public understanding of executive branch operations and activities. Plaintiff regularly requests such information pursuant to FOIA. The organization is incorporated under the laws of the District of Columbia.

26.     Defendant Treasury is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Treasury has possession, custody, and control of records that Protect Democracy seeks.

27.     Defendant State is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). State has possession, custody, and control of records that Protect Democracy seeks.

28.     Defendant DHS is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DHS has possession, custody, and control of records that Protect Democracy seeks.

29.     Defendant FinCEN, headquartered in Vienna, VA, is a component of Treasury, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). FinCEN has possession, custody, and control of records that Protect Democracy seeks.

30.     Defendant DOJ is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOJ has possession, custody, and control of records that Protect Democracy seeks.

31.     Defendant FBI, headquartered in Washington, D.C., is a component of DOJ, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). FBI has possession, custody, and control of records that Protect Democracy seeks.

**STATEMENT OF FACTS**

*Protect Democracy's FOIA Requests*

32.  On October 22, 2025, Protect Democracy sent substantively similar FOIA requests to all six Defendants in this matter.

33.  Each request contained a request for expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E).

34.  Protect Democracy's FOIA request to each Defendant seeks, for the time period from September 22, 2025, through the date the search is conducted, *inter alia*, (a) agency guidance, directives, and communications regarding implementation of the Antifa executive order and/or the National Security Presidential Memorandum 7, "Countering Domestic Terrorism and Organized Political Violence" ("NSPM-7"); (b) directives, memoranda, lists, or communications instructing agency officials to investigate specific nonprofits; (c) directives, memoranda, or communications directing agency staff to investigate nonprofits on certain grounds; (d) lists, memoranda, or communications identifying nonprofit organizations alleged to be involved in funding or organizing political violence or domestic terrorism; (e) communications between agency officials and private parties providing names or information about purported members or funders of "Antifa"; and (f) communications between agency officials and any bank or financial institution regarding suspected terrorist activity or other alleged crimes by philanthropic or nonprofit organizations.

Treasury Request

35.  A true and correct copy of the FOIA request to Treasury is attached as Exhibit 1.

36.  On October 23, 2025, Treasury acknowledged receipt of this request, assigning it agency tracking number 2026-FOIA-00078. Exhibit 2.

37.     As of the date of the original Complaint, Protect Democracy had received no further communications from Treasury regarding this FOIA request.

38.     As of the date of this First Amended Complaint, Protect Democracy has still received no further communications from Treasury regarding this FOIA request.

State Request

39.     A true and correct copy of the FOIA request to State is attached as Exhibit 3.

40.     As of the date of the original Complaint, State had neither acknowledged receipt of this request nor otherwise communicated with Protect Democracy about it.

41.     State subsequently acknowledged receipt of this request on November 24, 2025, and assigned it agency tracking number F-2026-04613. *See* Exhibit 4.

42.     As of the date of this First Amended Complaint, Protect Democracy has received no further communications from State regarding this FOIA request.

DHS Request

43.     A true and correct copy of the FOIA request to DHS is attached as Exhibit 5.

44.     As of the date of both the original Complaint and this First Amended Complaint, DHS has not acknowledged receipt of this request nor otherwise communicated with Protect Democracy about it.

FinCEN Request

45.     A true and correct copy of the FOIA request to DHS is attached as Exhibit 6.

46.     Protect Democracy received an automated response from FinCEN on October 22, 2025, stating: "The government is currently shutdown [sic] and FinCEN will not be available to provide you with a response to your Freedom of Information Act (FOIA) request of October 22,

2025, within the statutory timeframe. Please note that during the shutdown, no response or expedited processing can or should be expected." Exhibit 7.

47.    As of the date of the original Complaint and this First Amended Complaint, Protect Democracy has received no further communications from FinCEN regarding this FOIA request.

<u>DOJ Request</u>

48.    A true and correct copy of the FOIA request to DOJ is attached as Exhibit 8.

49.    DOJ assigned this request agency tracking number FOIA-2026-00397 and on November 19, 2025, issued a final response stating that "no records responsive to your request were located." Exhibit 9.

50.    On December 19, 2025, Protect Democracy administratively appealed this determination on the grounds that public reporting indicates the existence of records in DOJ's possession that are responsive to the FOIA request, and thus that DOJ failed to conduct an adequate search. Exhibit 10.

51.    DOJ failed to respond to Protect Democracy's administrative appeal.

<u>FBI Request</u>

52.    A true and correct copy of the FOIA request to FBI is attached as Exhibit 11.

53.    In November and December 2025, Protect Democracy received seven letters from FBI in response to this request with at least four different agency tracking numbers.

54.    Three of the letters are dated November 3, 2025, *see* Exs. 12, 13, 14, three are dated November 4, 2025, *see* Exs. 15, 16, 17, and one is dated November 24, 2025, *see* Ex. 18.

55.    The letters neither quote nor specify which subpart of Protect Democracy's FOIA request they correspond to, instead giving brief subject matter descriptions that are insufficient to identify with certainty which subpart the agency is referencing.

56.     These letters do not appear to reflect a complete response to this FOIA request, but as of December 19, 2025, in Protect Democracy's estimation, it appeared that FBI had administratively closed three subparts of the request, acknowledged receipt of two additional subparts but not provided final responses to those, and failed to acknowledge or respond to two additional parts of the request entirely. *See* Exs. 12 – 18.

57.     Protect Democracy made multiple phone calls to and left multiple voicemail messages with FBI's FOIA office, seeking clarification regarding which subparts of Protect Democracy's FOIA request each letter corresponded to.

58.     FBI did not respond to these attempts to clarify its communications.

59.     Accordingly, Protect Democracy filed an administrative appeal on December 19, 2025, on the grounds that FBI failed to conduct an adequate search for records responsive to the three subparts which FBI had apparently administratively closed. Exhibit 19.

60.     Protect Democracy believed, but was not certain, that those subparts were 1(b), 1(d), and 1(e) of its FOIA request to FBI. *See id.*

61.     In the administrative appeal, Protect Democracy included a section titled "Request for Clarification," noting that "the relation between the FBI's responses and the specific subparts of the request [are] unclear" and asking the FBI to advise whether Protect Democracy's understanding was correct regarding which subparts of the FOIA request had been closed, been acknowledged, and had not received a final response. *Id.*

62.     FBI did not respond to the administrative appeal.

63.     On February 4, 2026, FBI sent an eighth letter, purporting to administratively close an additional subpart of the request. Ex. 20.

*Request for Expedited Processing*

64.    Because of the "urgency to inform the public concerning actual or alleged Federal Government activity," 5 U.S.C. § 552(a)(6)(E), Protect Democracy requested expedited processing of all six FOIA requests at issue in this lawsuit and included the certification required by 5 U.S.C. § 552(a)(6)(E)(vi). *See* Exs. 1, 3, 5, 6, 8, 11.

65.    As Protect Democracy certified in its FOIA requests, the requested records are urgently needed to inform the public about this matter of widespread media interest. *See id.*

66.    As Protect Democracy further certified in its FOIA requests, *see id.*, and as courts have repeatedly held, Plaintiff is an organization primarily engaged in disseminating information. *See, e.g.*, *Protect Democracy Project v. U.S. Dep't of Def.*, 263 F. Supp. 3d 293, 298 (D.D.C. 2017); *Protect Democracy Project v. U.S. Dep't of Just.*, 498 F. Supp. 3d 132, 139 (D.D.C. 2020).

67.    More than ten days have passed since Protect Democracy submitted its FOIA requests, and Defendants have failed to comply with 5 U.S.C. § 552(a)(6)(E)(ii).

*Exhaustion of Administrative Remedies*

68.    Defendants failed to respond to Protect Democracy's request to expedite processing of the FOIA requests at issue in this lawsuit within ten (10) calendar days, and Protect Democracy is not required to exhaust its administrative remedies with respect to its request to expedite processing.

69.    Further, as of the date of the original Complaint, Defendants Treasury, State, DHS, and FinCEN had failed to either: (a) notify Protect Democracy of a final determination regarding Protect Democracy's FOIA requests, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

70.     More than 20 working days have passed since all FOIA requests at issue in this lawsuit were submitted.

71.     Through the failure of Defendants Treasury, State, DHS, and FinCEN to respond to Protect Democracy's FOIA requests within the time period required by law, Protect Democracy has constructively exhausted its administrative remedies and seeks immediate judicial review.

72.     Through DOJ's failure to make a determination regarding Protect Democracy's administrative appeal within the time period required by law, Protect Democracy has exhausted its administrative remedies and seeks immediate judicial review.

73.     Through FBI's failure to make a determination regarding Protect Democracy's administrative appeals and respond to Protect Democracy's request for clarification regarding which subparts of its request had received which treatment, Protect Democracy has exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

74.     Protect Democracy repeats the allegations in each of the foregoing paragraphs and incorporates them as though fully set forth herein.

75.     Protect Democracy properly requested records within Defendants' possession, custody, and control.

76.     Defendants are agencies subject to and within the meaning of FOIA, and they must therefore make reasonable efforts to search for requested records.

77.     Defendants have failed to promptly and adequately search for agency records that are responsive to Protect Democracy's FOIA requests.

78.     The failure of Defendants to conduct adequate searches for responsive records violates FOIA.

79.     Plaintiff Protect Democracy is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to Protect Democracy's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

80.     Protect Democracy repeats the allegations in each of the foregoing paragraphs and incorporates them as though fully set forth herein.

81.     Protect Democracy properly requested records within Defendants' possession, custody, and control.

82.     Defendants are agencies subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide lawful reasons for withholding any materials.

83.     Defendants are wrongfully withholding non-exempt agency records requested by Protect Democracy by failing to produce non-exempt records responsive to its FOIA requests.

84.     Defendants are wrongfully withholding non-exempt agency records requested by Protect Democracy by failing to segregate exempt information in otherwise non-exempt records responsive to Protect Democracy's FOIA requests.

85.     Defendants' failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

86.     Plaintiff Protect Democracy is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests

and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**COUNT III**

**Violation of FOIA, 5 U.S.C. § 552, Failure to Grant Expedited Processing**

87.    Protect Democracy repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

88.    Protect Democracy properly requested records within Defendants' possession, custody, and control on an expedited basis.

89.    Defendants failed to issue a determination on the requests for expedited processing within the timeframe set by statute.

90.    Defendants are departments or agencies subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of FOIA and agency regulations.

91.    Each of Protect Democracy's FOIA requests justifies expedited processing under FOIA and agency regulations.

92.    Protect Democracy is entitled to declaratory and injunctive relief requiring Defendants to grant expedited processing of the FOIA requests at issue in this lawsuit.

**REQUESTED RELIEF**

WHEREFORE, Protect Democracy respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to Protect Democracy's FOIA requests;

(2) Order Defendants to produce, within 20 days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Protect Democracy's FOIA requests with indexes justifying the withholding of any responsive records withheld under claim of exemption;

15

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Protect Democracy's FOIA requests;

(4) Order Defendants to process Protect Democracy's FOIA requests on an expedited basis;

(5) Award Protect Democracy the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant Protect Democracy such other relief as the Court deems just and proper.

Dated:    February 20, 2026                Respectfully submitted,

*/s/ David Kronig*
David Kronig
D.C. Bar No. 1030649
Daniel Martinez
D.C. Bar No. 90025922
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-3915
david.kronig@americanoversight.org
*Counsel for Plaintiff*